IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LARRY W. RADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 09-340-SLR/LPS |
| | ) | |
| ING BANK fsb, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| LARRY W. RADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 09-544-SLR/LPS |
| | ) | |
| ING GROEP, N.V., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| LARRY W. RADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 09-781-SLR/LPS |
| | ) | |
| SHAREBUILDER SECURITIES | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this |0ᵗʰ day of June, 2010, having considered the Report and

Recommendation issued by Magistrate Judge Leonard P. Stark on April 7, 2010,[1] the

---

[1] Addressing 23 pending motions, Judge Stark recommended that:  (1)
defendants be granted judgment on plaintiff's claims in all three cases; (2) various
discovery motions be denied; (3) defendants' motion to sanction plaintiff for failure to
appear at his deposition be granted; and (4) defendants' motion for other sanctions be

parties' objections thereto,[2] and having reviewed the record de novo pursuant to 28 U.S.C. § 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(3);

IT IS ORDERED that the objections lodged by plaintiff and defendants are overruled, and the Reports and Recommendations are accepted and adopted for the reasons that follow:

1. **Standard of Review.** When reviewing the decision of a magistrate judge on a dispositive matter, the court conducts a de novo review. 28 U.S.C. 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). Motions for summary judgment and motions to dismiss are considered dispositive matters and, therefore, the findings and conclusions of the magistrate judge in connection with such a motion are reviewed de novo. *Id.* The court may accept, reject, or modify the recommendations of the magistrate judge. The court may also receive further evidence or return the matter to the magistrate judge with instructions for proceedings. *Id.*

2. **Objections.** Plaintiff[3] contends that Judge Stark's factual and legal findings are incorrect and urges this court to review the record, including his filings. Defendants object to Judge Stark's recommendation to delay consideration of whether any discovery will be necessary in connection with the portion of defendants' counterclaim for breach of contract seeking reimbursement of attorneys fees and their request that

---

denied. (D.I. 79)

[2]Because the cases are not consolidated, identical filings have been made in each individual case. For simplicity, however, the court's reference to docket items ("D.I.") will be from the first captioned action, *Rader v. ING Bank,* Civ. No. 09-340-SLR/LPS.

[3]Although defendants point out that plaintiff is an attorney and seasoned litigator, he is proceeding, in these actions, pro se. (D.I. 80) Judge Stark recognized this unique situation and nonetheless found Rule 11 sanctions inappropriate.

plaintiff be barred from filing any additional lawsuits against them until after the court rules on objections to his findings.  Defendants also object to Judge Stark's denial of their requests for sanctions and fees.

3.  **Discussion.**  Reviewing the Reports and Recommendations, de novo, with respect to the objections lodged, the court concludes that Judge Stark did not err in his findings with respect to plaintiff's cases and his conclusions regarding sanctions and fees.  It is evident that Judge Stark thoughtfully and carefully reviewed the record against the appropriate authority and positions of the parties.  The court agrees and fully adopts the rationale set forth in the Reports and Recommendations.

United States District Judge